**John Spindler, Francis Meharry and H. H. Atwood, Sureties on the Bond of Merton Dunlap, County Clerk, v. The People of the State of Illinois, for use of the County of Ford.**

1. SURETIES—*Defenses on Official Bonds.*—In an action upon the official bond of a county clerk for fraudulently issuing orders, etc., the sureties can not be heard to make the defense, that, but for the negligence of the treasurer, and the failure of the board to compare the orders with its files and records, the fraud could not have been successful.

**Memorandum.**—Debt on official bond. Appeal from the Circuit Court of Ford County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed December 8, 1893.

The opinion states the case.

ALFRED SAMPLE, *pro se*, C. H. YEOMANS, E. C. GRAY, and F. H. MOFFETT, attorneys for appellants.

COOK & MOFFETT, attorneys for appellee.

PER CURIAM.

This was an action on the official bond of Merton Dunlap, as county clerk of Ford county, for the term of four years, beginning the first Monday in December, 1886, and ending the first Monday of December, 1890. The sureties only were served with process and the principal did not appear.

The case was tried before the court without a jury by consent and resulted in a finding for the plaintiff, the damages being assessed at $4,571.35. Judgment was accordingly.

The plaintiff's claim comprised four classes:

1st. Fees received by the clerk during his term of office and not accounted for in his semi-annual reports, $378.38.

2d. Allowances made him by the board for services rendered the county, which he never accounted for in his semi-annual reports, $572.99.

3d. For orders issued by Dunlap payable to himself, in excess of allowances made to him by the board, $2,530.48.

4th. For orders issued by Dunlap to other parties without authority from the board, which orders were paid to him, $634.57.

And for orders issued by Dunlap to other parties in excess of amounts allowed to them, which excess of orders Dunlap collected and converted to his own use, $454.83.

It is conceded that for the first class the appellants are liable.

As to the second class it is contended, as it was in the case preceding, James Y. Campbell et al. v. The People, etc., that the sureties are not liable, because when the several allowances were made there was no general balance due from the county to the clerk, his settlements having been regularly made semi-annually, as by law required, and the balances then found due having been adjusted. It is not necessary to repeat the views expressed in that case on this point. For the reasons there stated, the objection is regarded as untenable.

As to the items embraced in the third and fourth classes, the difference is that in the one the orders were payable to the clerk, and in the other they were payable to other parties.

These were all improperly issued and it can not be denied that the clerk was guilty of a breach of duty in that respect. It is argued here, as it was in the Campbell case, that as the orders were not countersigned by the treasurer they were improperly paid by him, hence the sureties are not liable; and that as to those which were not payable to the clerk but to third parties, the treasurer was further at fault, as he should have paid them only to the payees named. It appears that it was customary for the clerk to deposit the

orders at the bank of Blackstock & Co., where the treasurer kept his funds, and the bank would pay the money to Dunlap, he claiming as to those not payable to him that he was the agent of the payees. The bank would at intervals receive checks from the treasurer for the amount of orders so received and on hand and he would report the orders to the county board in his next semi-annual statement, and the overissue not then being detected, the board would approve the report and destroy the orders.

Admitting that, but for the negligence of the treasurer, and the failure of the board to compare the orders with its files and records, the fraud could not have been successful, yet we hold here, as we did in the Campbell case, that no defense thereby arises to the sureties.

Perhaps the board might have made the discovery by the use of more care, but the conduct of the clerk was skillful as well as criminal, and the board had no suspicion. The prime cause of the loss was the gross malfeasance of the clerk in the course of his official action.

The sureties can not be heard to make this defense.

In this case, as in the preceding, the orders were in effect payable to bearer, and the clerk seems to have had a general authority from persons having claims allowed against the county to collect and remit. What we · said on this point in the preceding case of Campbell et al. v. The People, is applicable here.

Without going further into details, or making special reference to all the points discussed in the briefs, we are of opinion the judgment should be affirmed.